UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNICE SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> HORGAN ENTERPRISES, INC. <br><br> Defendant. | Civil Action No. 19-cv-10125-ADB |

## **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

BURROUGHS, D.J.

Before the Court is Plaintiff Bernice Santiago's ("Plaintiff") motion to remand. [ECF No. 5]. For the reasons set forth below, Plaintiff's motion is GRANTED. Accordingly, this action is remanded to the Massachusetts Superior Court for Suffolk County ("Superior Court").

**I.    BACKGROUND**

On July 12, 2017, Plaintiff filed an action against Defendant Horgan Enterprises ("Defendant") in Superior Court alleging nonpayment of overtime wages in violation of Mass. Gen. Laws ch. 151, § 1A, failure to pay all wages earned in violation of Mass. Gen. Laws ch. 149, §§ 148 and 149, breach of contract, and national origin and race discrimination in violation of Mass. Gen. Laws ch. 151B, § 1 et seq. See [ECF No. 1-1 ("Complaint")]. The Complaint alleges that Plaintiff resides in Massachusetts and that Defendant is a Massachusetts corporation with a principal place of business in Massachusetts. [Id.]. The case proceeded through discovery in Superior Court, which concluded on December 15, 2018. See [ECF No. 8 at 49]. On December 7, 2018, Plaintiff was deposed and stated that she had been living in Puerto Rico for one and a half years. See [ECF No. 7-9]. Defendant received the transcript of Plaintiff's

deposition on January 8, 2019.  [ECF No. 7-7].  Summary judgment briefing was due on January 20, 2019 with a pretrial conference scheduled for April.  [ECF No. 5-1 at 1; ECF No. 8 at 49].

On January 18, 2019, Defendant removed the action to this Court.  [ECF No. 1]. Following removal, Plaintiff filed a motion to remand the case back to Superior Court on the ground that the deadline for removal under 28 U.S.C. § 1446 had elapsed.  See [ECF No. 5]. Defendant opposes remand and asserts that Plaintiff prevented a timelier removal in bad faith. See [ECF No. 7].

## II.     DISCUSSION

A defendant seeking removal bears the burden of showing that the federal court has jurisdiction.  See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  Pursuant to 28 U.S.C. § 1446(b)(3), notice of removal may be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  However, cases removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332 may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

Defendant removed this case within 30 days of receiving the transcript from Plaintiff's deposition during which Plaintiff stated that she has resided in Puerto Rico for one and a half years.  See [ECF No. 7-9].  A deposition transcript constitutes "other paper" within the meaning of Section 1446(b)(3).  See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 77–78 (1st Cir. 2014) (adopting a broad interpretation of "other paper" to include "deposition transcripts, discovery responses, settlement offers and other documents or occurrences that reveal the removability of a

2

case"). Although Defendant may have met the 30-day threshold set by Section 1446(b)(3)[1], it has failed to meet the one-year threshold set by Section 1446(c)(1). See 28 U.S.C. § 1446(c)(1). Therefore, removal is only appropriate if this Court finds that Plaintiff acted in bad faith to prevent removal. See id. Because the Court does not find that Plaintiff acted in bad faith, it does not reach the question of whether removal would have been proper if it had been timely.

First, although Plaintiff may currently reside in Puerto Rico, it is not clear from the state court record or the parties' briefing whether Puerto Rico is Plaintiff's legal domicile. Domicile requires both residence and an intent to remain. See Aponte–Dávila v. Municipality of Caguas, 828 F.3d 40, 49 (1st Cir. 2016) ("[R]esidence is not dispositive of the domicile inquiry but rather one of many factors that the federal courts consider when determining a party's domicile."); Valentin v. Hosp. Bella Vista, 254 F.3d 358, 367 (1st Cir. 2001) ("To effectuate a change in that domicile . . . the law requires that both residency and the intent to sustain that residency coexist."). The record establishes only that Plaintiff currently resides in Puerto Rico. See [ECF No. 5 at 1–2 ("Ms. Santiago later relocated her residence to San Juan, Puerto Rico. . . . Plaintiff has not filed an Amended Complaint asserting that her domicile has moved."); ECF No. 7-9

---

[1] There were circumstances prior to Defendant receiving the transcript of Plaintiff's deposition that could have alerted Defendant to the fact that the case may have become removable and triggered the 30-day period, including discussions concerning Plaintiff's need to travel from Puerto Rico for her deposition, see [ECF No. 5 at 2; ECF No. 8 at 49 (requiring Defendant to pay for Plaintiff's travel from Puerto Rico to attend deposition or allowing deposition by video conference as an alternative)], and her actual deposition testimony, see Peters v. Lincoln Elec. Co., 285 F.3d 456, 465–66 (6th Cir. 2002) (adopting view of "majority of courts" that "a plaintiff's answers to deposition questions can constitute an 'other paper' for purposes of the removal statute"); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) (noting that "a majority of the federal district courts have not required receipt of an actual written document" and instead "have held that a discovery deposition does satisfy the requirement" of Section 1446) (citations omitted). But see Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 612 (5th Cir. 2018) (adopting "bright-line rule" that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript"); Romulus, 770 F.3d at 77–78 (implying that only documents may trigger removal under Section 1446(b)(3)).

(stating in deposition responses that she has "been [in Puerto Rico] for a year and a half already" and "[b]efore that [she] used to live in Boston for more than five years")].

Second, Plaintiff filed in Superior Court where damages need to exceed $25,000 for that court to have jurisdiction. See Mass. Gen. Laws ch. 212, § 3 ("The actions may proceed in the [Superior Court] only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000 . . . ."). Given the $25,000 jurisdictional requirement, it was not bad faith for Plaintiff to state "$25,000+" in "Documented lost wages and compensation to date" on her Superior Court Civil Action Cover Sheet, even when the damages she sought may have been as high as $200,000.[2] See [ECF No. 8 at 13]. Defendant's argument that Plaintiff "had an obligation to disclose her actual demand much earlier than she did" is lacking in legal support, particularly when Plaintiff provided enough detail to satisfy the jurisdictional requirement in the court in which she filed suit. See [ECF No. 7 at 4].[3] Therefore, given the facts of this case and the Superior Court's jurisdictional requirement, the Court finds that Plaintiff did not act in bad faith by filing a complaint stating only "$25,000+" in damages, plus some specified additional damages, even where she knew that her actual damages may have been higher.

Finally, the state court record demonstrates that Plaintiff's alleged resistance to sitting for a deposition was not a bad faith effort to prevent removal. See [ECF No. 8]. Specifically, counsel's email correspondence regarding scheduling Plaintiff's deposition indicates that the parties were attempting to find a mutually-agreed upon date for Plaintiff's deposition. See [id. at

---

[2] In her complaint, Plaintiff additionally lists "[c]ompensatory damages for emotional distress" and "[a]n award of multiple damages . . . for three (3) years unpaid overtime wages and unpaid wages . . . ." [ECF No. 8 at 11].

[3] The Court is unable to ascertain whether Plaintiff may have had any obligation to supplement discovery responses that addressed the specifics of her damages claim, if any such responses existed, because neither party has provided this Court with discovery requests or responses.

4

30–32, 36, 42, 45].  Further, Defendant was made aware as early as March 14, 2018 that Plaintiff would need to travel from Puerto Rico for a deposition in Massachusetts and should have understood that this would present cost and logistical difficulties.  See [id. at 31].  In addition, Plaintiff's deposition was scheduled for October 29, 2018, and then had to be rescheduled when Defendant sought leave to extend the discovery period on October 22, 2018.  See [ECF No. 8 at 49–50].  The facts presented in the record and briefing show some frustrating delays caused by both parties during a lengthy discovery period, but the Court finds no bad faith on Plaintiff's part related to the delay in her deposition.

### III.     CONCLUSION

Accordingly, Defendant's removal is untimely under 28 U.S.C. § 1446, and therefore Plaintiff's motion to remand [ECF No. 5] is GRANTED.  This action is remanded to the Massachusetts Superior Court for Suffolk County.

**SO ORDERED.**

February 25, 2019                                                    /s/ Allison D. Burroughs  
                                                                                ALLISON D. BURROUGHS  
                                                                                U.S. DISTRICT JUDGE